**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ALPHA MODUS, CORP., | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:25-CV-01060-JRG-RSP |
| | § | |
| 7-ELEVEN, INC., | § | (Lead Case) |
| *Defendant*. | § | |
| | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant 7-Eleven Inc.'s Rule 12(b)(6) Motion to Dismiss the Amended Complaint. **Dkt. No. 52**. In its Motion, 7-Eleven argues that Plaintiff's amended complaint fails to adequately plead direct infringement, induced infringement, and willfulness, and requests that the Court dismiss the action. *Id.* at 1. Having considered the Motion, and for the reasons discussed below, the Court finds that 7-Eleven's Motion should be **DENIED**.

## I. LEGAL STANDARD

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then

decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

## II. ANALYSIS

### A. Direct Infringement

7-Eleven argues that Plaintiff's infringement contentions fail to place it on notice of what activity is accused. Dkt. No. 52 at 7. 7-Eleven adds that Plaintiff fails to specify which "of these nine systems and initiatives" allegedly infringe and that it is "in the dark" as to what infringes. *Id.* 7-Eleven concludes that these "broad" allegations are insufficient to plausibly claim direct infringement. *Id.* at 8. 7-Eleven adds that the breadth of Plaintiff's infringement allegations likewise fails to inform them, which they argue "essentially accuses any and all technology implemented within 7-Eleven anywhere in the world," without any specifics as to the operations of these systems. *Id.* Finally, 7-Eleven alleges that Plaintiff's infringement contentions provide "no consideration of how any allegation relates to any other" and thus fail to provide notice of infringement. *Id.* at 9-10.

In response, Plaintiff points to caselaw, which does not require specific identification of accused products at the complaint stage. Dkt. No. 86 at 8. Plaintiff notes that this requirement is

"particularly important" for method claims, where specific products are often not directly accused. *Id.* Plaintiff notes that regardless, it has identified the accused products, in specifying, which instrumentalities 7-Eleven uses to infringe. *Id.* at 8-11. Finally, Plaintiff notes that while it's not required to plead infringement element-by-element at the pleading stage, it has done so, and its allegation that these elements work together to infringe is sufficient as a matter of law. *Id.* at 12-13.

The Court finds that Plaintiff has sufficiently pleaded direct infringement. For a method claim, specific products need not be accused. *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 937 (Fed. Cir. 2015) ("There must be some allegation of specific *services* or products of the defendants which are being accused") (emphasis added). Plaintiff's infringement contentions list which services of 7-Eleven are accused of together practicing the claimed invention. At the pleading stage, this sufficiently alleges infringement of Plaintiff's method claims. Therefore, the Court finds that Plaintiff's amended complaint sufficiently pleads direct infringement.

**B. Induced Infringement**

7-Eleven contends that the Amended complaint fails to plead induced infringement, since it fails to identify anyone it induces, and it fails to plead intent to induce. Dkt. No. 52 at 11. 7-Eleven argues that the Amended Complaint is deficient, since it merely alleges that 7-Eleven induces "others" to infringe, without specifying any single party. *Id*. For intent, 7-Eleven argues that the Amended Complaint is deficient, since it "does not allege how 7-Eleven purportedly encouraged or directed any acts that it knew to be infringing… cites only 7-Eleven's 'use of,' 'actions,' or 'manner' of using the Accused Products…[and] does not allege pre-suit knowledge of the patents." *Id.* For willful blindness, 7-Eleven argues that since the amended complaint "does

not allege any facts or conduct supporting these legal requirements; all it does is recite the requirements themselves," it is likewise deficient.

Plaintiff argues that the amended complaint identifies the "others" 7-Eleven allegedly induces. Dkt. No. 86 at 16. Plaintiff points to paragraphs in the complaint which identify 7-Eleven's "customers and staff" as the "others" who are allegedly induced to infringe. *Id.* For intent to infringe, Plaintiff argues that it has met the "low bar" required at the pleading stage – that "the defendant provides accused products to its customers for use in an infringing manner and instructs those customers how to so use those products." *Id.* at 17.

The Court finds that Plaintiff's amended complaint has sufficiently pleaded induced infringement. First, while not in each paragraph, Plaintiff's identification of 7-Eleven's "customers and staff" for each asserted patent as the category of people it induces is sufficient. *See* Dkt. No. 40 at ¶¶ 220, 253, 285, 320, 354, 384, 416, 445. Furthermore, the Court finds that Plaintiff has sufficiently pleaded intent. Similar to *In re Taasera Licensing LLC, Pat. Litig.*, relied on by Plaintiff, Plaintiff's information and belief sufficiently pleads the remaining elements of induced infringement. 2023 WL 2465584, at *3 (E.D. Tex. Mar. 10, 2023).[1] Therefore, the Court finds that Plaintiff's amended complaint sufficiently pleads induced infringement.

**C. Willfulness**

7-Eleven contends that since the Amended Complaint "relies entirely on conclusory allegations" of pre-suit willfulness, it lacks any factual predicate to create a plausible inference of willfulness. Dkt. No. 52 at 13.

In response, Plaintiff argues that at the pleading stage, evidence of continued infringement post-complaint is sufficient to plead willfulness both pre- and post-suit. Dkt. No. 86 at 18.

---

[1] Since the Court finds that Plaintiff's amended complaint sufficiently pleads induced infringement on a "knowledge" basis, the Court need not address 7-Eleven's willful blindness argument.

The Court finds that Plaintiff's amended complaint has sufficiently pleaded willfulness. For each asserted patent, Plaintiff states that "is informed and believes, and on that basis alleges, that 7-Eleven has been aware of the [Asserted] Patent and its infringement thereof. Despite this knowledge, 7-Eleven has continued to make, use, sell, and offer for sale the Accused Products." Dkt. No. 40 at ¶¶ 210, 243, 275, 310, 344, 375, 407, 436. At the pleading stage, the Court finds that Plaintiff sufficiently alleges willfulness. Therefore, the Court finds that Plaintiff's willfulness claim should not be dismissed.

## III. CONCLUSION

Having considered the Motion, and for the reasons discussed above, the Court finds that 7-Eleven's Motion should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 9th day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE