**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ALPHA MODUS, CORP., | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:25-cv-01060-JRG-RSP |
| | § | |
| 7-ELEVEN, INC., | § | (Lead Case) |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM ORDER**

Before the Court is Defendant Lowe's Companies, Inc. and Lowe's Home Centers, LLC's ("Lowe's") Motion to Change Venue. **Dkt. No. 63**. In its Motion, Lowe's argues that the convenience factors under 28 U.S.C. § 1404(a) favor transfer to the Western District of North Carolina ("WDNC"). *Id.* at 1. Having considered the Motion, and for the reasons discussed below, the Court **DENIES** Lowe's Motion.

## I. LEGAL STANDARD

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established that the instant

case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I.*

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See

*Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II. ANALYSIS

### A. Venue

The Court finds venue proper in either district. First, since Lowe's domicile is in "Mooresville, North Carolina, within WDNC," venue is proper under 28 U.S.C. § 1400(b) in WDNC. *See* Dkt. No. 63 at 2, 4. Furthermore, since Plaintiff's complaint alleges that "Lowe's…has committed acts of direct and indirect infringement…[and] has regular and established places of business in this District," venue is proper in the Eastern District of Texas. *See* Member Case No. 2:25-cv-01026-JRG-RSP Dkt. No. 20 at ⁋⁋ 13-14.

### B. Private Interest Factors

#### *1. Willing Witness*

In its Motion, Lowe's identifies 6 North Carolina based employees whom they argue "may have knowledge of the Accused Products." Dkt. No. 63 at 5. Lowe's further identifies 4 employees of Plaintiff who also reside in WDNC, and two inventors who live in Houston and Austin, Texas. *Id.* at 6. Lowe's argues that for each North Carolina based witness, the difference in travel time is significant, and for the Texas-based witnesses, travel time is similar for both locations, due to flight times. *Id.* at 7-8.

In response, Plaintiff first notes that its choice to file in Texas does not "burden" its witnesses with travel time and expense. Dkt. No. 96 at 8. For Lowe's witnesses, Plaintiff argues

that "the convenience of party witnesses is given little weight." *Id.* (*citing Weatherford Tech. Holdings, LLC v. Tesco Corp.*, 2018 WL 4620636, *5 (E.D. Tex. May 22, 2018)).

The Court finds the willing witness prong neutral or nearly so. First, the Court agrees that "the convenience of party witnesses is given little weight" in a venue analysis. While *Weatherford Tech.* involved parties in Louisiana, equally close to the Eastern District and Southern District of Texas, the Court's analysis did not rely on travel distance or expense. 2018 WL 4620636 at *5. Instead, the Court found that since all the identified willing witnesses were party witnesses, the overall weight of this factor is diminished. *Id.* The same is true here. All but one of the identified witnesses is a party witness, and the travel distance for the lone non-party witness is less to Marshall than to North Carolina. *See* Dkt. No. 96 at 7-8 (noting that Plaintiff identifies inventor Michael Garel, who lives in Austin, Texas, as a party witness, and inventor Jim Wang, who lives in Houston, Texas, as a non-party witness). Since Mr. Wang's travel time to Marshall is a small fraction of that to North Carolina, the Court finds that since "the convenience of party witnesses is given little weight," any additional travel distance for the party witnesses tends to render this factor neural.

*2. Sources of Proof*

Lowe's argues that since "all of Lowe's relevant documents are located in WDNC, and Plaintiff's documents are likely located there as well," and none are in Texas, transfer is favored. Dkt. No. 63 at 9. In response, Plaintiff argues that while Lowe's has identified evidence in North Carolina, since it has failed to show that there are any difficulties to access or transport the documents to Texas, this prong does not favor transfer. Dkt. No. 96 at 3-4.

The Court finds the sources of proof factor slightly favors WDNC. For electronic evidence, the Court finds that without any particular showing that access is difficult in the transferor district,

transfer is not favored. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) ("The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature.") (*citing In re Volkswagen*, 545 F.3d at 316–17). In its brief, and reply, Lowe's fails to identify any difficulty that precludes the availability of evidence in Texas. Therefore, the Court finds this factor nearly neutral.

*3. Compulsory Process*

Lowe's argues this factor is neutral, since neither party has identified any unwilling witnesses. Dkt. No. 63 at 63. In response, Plaintiff identifies Jim Wang, a non-party witness as a potential unwilling witness, and notes that since he lives in Houston, Texas, he is within this court's subpoena power, but not WDNC's. Dkt. No. 63 at 10.

The Court finds this factor slightly disfavors transfer. While the Parties only identify one potential unwilling witness, since this witness is within the Eastern District of Texas's subpoena power, but not WDNC's, this factor tips slightly against transfer.

*4. Other Practical Problems*

Lowe's argues that while this case is consolidated with other cases that involve the same patents, since the accused products are different, transfer should not be disfavored, since there is "unlikely to be significant overlap on issues regarding accused products and relevant technologies." Dkt. No. 63 at 11. Lowe's notes that Plaintiff has other, similar, cases pending in other districts. *Id.*

Plaintiff argues that while each of the consolidated cases involves distinct accused products, efficiency is still promoted by common adjudication of issues that relate to the asserted patents. Dkt. No. 96 at 10.

The Court finds this factor to strongly disfavor transfer. This Court has devoted considerable time acquiring familiarity with the asserted patents in this case and the other cases in which venue is not challenged. The Court has recently issued an interlocutory ruling on ineligible subject matter that might have to be revisited upon transfer. While the accused technology differs between the consolidated cases, the Court finds that the consolidated action, with common asserted patents is significantly more efficient.

### C. Public Interest Factors

#### *1. Local Interest*

Lowe's argues that since the action "calls into question the work and reputation of several individuals residing in or near that district," transfer is appropriate. Dkt. No. 63 at 12 (*citing In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)). Lowe's notes that since the accused products were "likely" developed in North Carolina, it has a greater local interest to hear the case. *Id.*

Plaintiff argues that the local interest inquiry should not be limited to where the product is developed but instead should consider where the alleged harm's impact is. Dkt. No. 93 at 12. Plaintiff notes that the accused product is used in Lowe's stores in this District. *Id.*

The Court finds that the local interest prong slightly favors transfer. The accused products are implemented in Lowe's stores nationwide, including stores in this District. While this indicates a local interest for this District, since the activity primarily underlying Plaintiff's infringement allegations likely occurred in North Carolina, the Court finds this prong slightly favors transfer.

#### *2. Court Congestion*

Lowe's argues that the Court congestion prong favors transfer. Dkt. No. 63 at 13. Lowe's notes that time-to-trial is 1.9 months faster in WDNC, and a significantly lessened caseload there.

*Id.* In response, Plaintiff argues that Lowe's statistics should be given less weight, since they did not filter for patent cases, and that a small difference in time-to-trial time is minor. Dkt. No. 96 at 11. Plaintiff argues that transfer would increase court congestion, through duplicative proceedings. *Id.* The Court finds the court congestion prong is neutral.

*3. Governing Law and Conflicts of Law*

For both prongs, each party concedes these as neutral. *See* Dkt. No. 63 at 13-14; Dkt. No. 96 at 13.

## III. CONCLUSION

The Court finds that Lowe's has failed to demonstrate that the Western District of North Carolina is "clearly more convenient." Therefore, the Court **DENIES** Lowe's Motion.

**SIGNED this 22nd day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE